# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR CHARLES FOURSTAR, JR., | Case No. 1:15-cv-00792 DLB PC |
| Plaintiff, | ORDER REVOKING IN FORMA PAUPERIS STATUS AND DIRECTING PLAINTIFF TO PAY $400.00 FILING FEE IN FULL, OR SUFFER DISMISSAL |
| v. | |
| RICHARD MARTINEZ, et al., | [ECF No. 4] |
| Defendants. | |

Plaintiff Victor Charles Fourstar, Jr., # 07418-046, a federal prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 26, 2015, along with a motion for leave to proceed in forma pauperis.[1] On May 29, 2015, the Court granted Plaintiff's motion to proceed in forma pauperis.

A review of documents filed on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) discloses that Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

---

[1] On June 9, 2015, Plaintiff consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

imminent danger of serious physical injury." The Court takes judicial notice[2] of the following United States District Court cases which were dismissed as frivolous, malicious, or for failure to state a claim: Fourstar v. Ness, CV-05-108-SHE (D. Mont. 2006) (Judgment of dismissal filed April 26, 2006; affirmed on appeal May 5, 2008); Fourstar v. Murlak, CV-07-5892-ODW-SS (C.D. Cal. 2010) (Judgment of dismissal filed May 26, 2010; affirmed on appeal December 1, 2010); and Fourstar v. Zemyan, CV-08-50-GF-SHE (D. Mont. 2008) (Judgment of dismissal filed August 26, 2008; appeal dismissed for failure to prosecute April 15, 2009).

The Court has reviewed Plaintiff's Complaint. Plaintiff is suing numerous defendants at the United States Penitentiary in Atwater, California, as well as at the Federal Correctional Institution at Marianna, Florida. Plaintiff complains of the denial of and interference with access to the courts; failure to process administrative appeals; miscalculation of time credits; denial of surgeries to his left and right knees; and denial of dental care. Plaintiff acknowledges that he is subject to section 1915(g), but he claims he is in imminent danger of serious physical harm. Plaintiff argues that he is in imminent danger because Defendants in 2014, while he was an inmate at FCI Marianna, continued to deny him appropriate medical and dental care. Plaintiff's allegations do not satisfy the imminent danger exception to section 1915(g). Andrews v. Cervantes, 493 F.3d 1047, 1055-56 (9th Cir. 2007). Whether or not Plaintiff was denied proper medical or dental care while he was housed at FCI Marianna in 2014 has no bearing on the question whether he was in imminent danger of serious physical harm at the time he filed the complaint on May 26, 2015. In fact, Plaintiff was transferred to USP Atwater between the time he was allegedly denied medical and dental care by Defendants and the time he filed this complaint, and most of his complaints do not concern the subject of medical or dental care. Moreover, Plaintiff's alleged disagreement with the treatment he has been receiving for his knees and teeth does not rise to the level of imminent danger of serious physical harm.

Therefore, Plaintiff must pay the $400.00 filing fee if he wishes to litigate his claims.

///

---

[2] The Court may take judicial notice of its own records, United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980), and court records in other cases, United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

**ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. Plaintiff's in forma pauperis status is REVOKED;
2. Plaintiff is DIRECTED to pay the $400.00 filing fee in full within thirty (30) days of the date of service of this order, or suffer dismissal of the action.

IT IS SO ORDERED.

Dated:   **August 3, 2015**             /s/ *Dennis L. Beck*
                            UNITED STATES MAGISTRATE JUDGE